# EXHIBIT "A"

Monroe County Prothonotary Filed July 05, 2022 9:40 AM

**GREEN & SCHAFLE LLC**
By:      ADAM M. GREEN, ESQUIRE
           STEPHEN SPECHT, ESQUIRE
Identification Nos. 93060/326298
2332 South Broad Street
Philadelphia, Pennsylvania 19145
(215) 462-3330 telephone
(215) 567-1941 facsimile
Email: agreen@greenlegalteam.com
          sspecht@greenlegalteam.com

*Attorneys for Plaintiff*

LEONARD      HEMMERLE     and      KRISTEN
HEMMERLE, Individually and as Husband and Wife,
707 Bayside Court
South Amboy, NJ 08879,
                                      Plaintiffs

vs.

KALAHARI MANAGEMENT CO., LLC
℅ Incorp Services, Inc. Dauphin
                  and
KALAHARI RESORTS PA, LLC (a/k/a, f/k/a, and/or
d/b/a KALAHARI RESORTS & CONVENTIONS)
℅ Incorp Services, Inc. Dauphin
                  and
KALAHARI RESORTS, LLC (a/k/a, f/k/a, and/or d/b/a
KALAHARI RESORTS & CONVENTIONS)
℅ Incorp Services, Inc. Dauphin
                  and
KALAHARI RESTAURANT, LLC
℅ United States Corporation Agents, Inc. Lehigh
                  and
KALAHARI DEVELOPMENT, LLC
1305 Kalahari Drive
Wisconsin Dells, WI 53965
                  and
CHRISSA DIAKOPOULOS
41-12 Lafayette Avenue
Middletown, NY 10940
                  and
PAULA MELENDEZ ABREU
3130 Albany Crescent #2J
Bronx, NY 10463
                  and
MINAS TYRAS (a/k/a KONSTANTINOS TYRAS)
6197A Spencer Terrace
Bronx, NY 10471
                  and
GEORGE TYRAS
8436 Sylvan Avenue, 1st Floor
Bronx, NY 10471
                  and
JOHN DOE(S) 1-5, a fictitious individual(s)
                  and
ABC CORP(S), 6-10, a fictitious corporation(s),
                                      Defendants

**COURT OF COMMON PLEAS
MONROE COUNTY**

                    TERM, 2022
NO.

**JURY TRIAL DEMANDED**

Doc ID: 61e449e38e87abe02624bfe3e93f7ad1e12eccba

## CIVIL ACTION COMPLAINT

**AND NOW**, Plaintiffs, LEONARD HEMMERLE and KRISTEN HEMMERLE, Individually and as Husband and Wife, by and through undersigned counsel, Green & Schafle, LLC, as and for the Complaint against Defendants, KALAHARI MANAGEMENT CO., LLC; KALAHARI RESORTS PA, LLC; KALAHARI RESORTS, LLC; KALAHARI RESTAURANT, LLC; KALAHARI DEVELOPMENT, LLC; CHRISSA DIAKOPOULOS; PAULA MELENDEZ ABREU; MINAS TYRAS (a.k.a KONSTANTINOS TYRAS); GEORGE TYRAS; JOHN DOE(S) 1-5; and/or ABC CORP(S) 6-10, individually, jointly and severally, and allege, upon information and belief, that Plaintiffs have multiple causes of action against Defendants and hereby avers:

### PARTIES

1. Plaintiff, LEONARD HEMMERLE, is a citizen and resident of the State of New Jersey residing at 707 Bayside Court, South Amboy, NJ 08879.

2. Plaintiff, KRISTEN HEMMERLE, is a citizen and resident of the State of New Jersey residing at 707 Bayside Court, South Amboy, NJ 08879.

3. Defendant, KALAHARI MANAGEMENT CO., LLC, is a is a corporation, partnership, limited partnership, incorporated association, unincorporated association, limited liability corporation, limited liability partnership, or other business entity organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, duly licensed and authorized to conduct business in the Commonwealth of Pennsylvania, engaged in the business of owning, operating, and/or managing hotel, resort, waterpark, amusement, and other services to the public in Monroe County, Pennsylvania, including the facility known as Kalahari Resorts &

Doc ID: 61e449e38e87abe02624bfe3e93f7ad1e12eccba

Conventions, and was at all times material hereto duly licensed to operate the Kalahari Resorts & Conventions, with a principal place of business at 250 Kalahari Boulevard, Pocono Manor, Monroe County, PA 18349.

4.    Defendant, KALAHARI RESORTS PA, LLC (a/k/a, f/k/a, and/or d/b/a KALAHARI RESORTS & CONVENTIONS), is a is a corporation, partnership, limited partnership, incorporated association, unincorporated association, limited liability corporation, limited liability partnership, or other business entity organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, duly licensed and authorized to conduct business in the Commonwealth of Pennsylvania, engaged in the business of owning, operating, and/or managing hotel, resort, waterpark, amusement, and other services to the public in Monroe County, Pennsylvania, including the facility known as Kalahari Resorts & Conventions, and was at all times material hereto duly licensed to operate the Kalahari Resorts & Conventions, with a principal place of business at 250 Kalahari Boulevard, Pocono Manor, Monroe County, PA 18349.

5.    Defendant, KALAHARI RESORTS, LLC (a/k/a, f/k/a, and/or d/b/a KALAHARI RESORTS & CONVENTIONS), is a is a corporation, partnership, limited partnership, incorporated association, unincorporated association, limited liability corporation, limited liability partnership, or other business entity organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, duly licensed and authorized to conduct business in the Commonwealth of Pennsylvania, engaged in the business of owning, operating, and/or managing hotel, resort, waterpark, amusement, and other services to the public in Monroe County, Pennsylvania, including the facility known as Kalahari Resorts & Conventions, and was

Doc ID: 61e449e38e87abe02624bfe3e93f7ad1e12eccba

at all times material hereto duly licensed to operate the Kalahari Resorts & Conventions, with a principal place of business at 250 Kalahari Boulevard, Pocono Manor, Monroe County, PA 18349.

6.      Defendant, KALAHARI RESTAURANT, LLC, is a is a corporation, partnership, limited partnership, incorporated association, unincorporated association, limited liability corporation, limited liability partnership, or other business entity organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, duly licensed and authorized to conduct business in the Commonwealth of Pennsylvania, engaged in the business of owning, operating, and/or managing hotel, resort, waterpark, amusement, and other services to the public in Monroe County, Pennsylvania, including the facility known as Kalahari Resorts & Conventions, and was at all times material hereto duly licensed to operate the Kalahari Resorts & Conventions, with a principal place of business at 250 Kalahari Boulevard, Pocono Manor, Monroe County, PA 18349.

7.      Defendant, KALAHARI DEVELOPMENT, LLC, is a corporation, partnership, limited partnership, incorporated association, unincorporated association, limited liability corporation, limited liability partnership, or other business entity organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, duly licensed and authorized to conduct business in the Commonwealth of Pennsylvania, engaged in the business of owning, operating, and/or managing hotel, resort, waterpark, amusement, and other services to the public in Monroe County, Pennsylvania, including the facility known as Kalahari Resorts & Conventions, and was at all times material hereto duly licensed to operate the Kalahari Resorts &

Doc ID: 61e449e38e87abe02624bfe3e93f7ad1e12eccba

Conventions, with a principal place of business at 1305 Kalahari Drive Wisconsin Dells, WI 53965.

8.     Defendant, CHRISSA DIAKOPOULOS, is an adult individual and citizen of the State of New York, residing at 41 1 2 Lafayette Avenue, Middletown, NY 10940.

9.     Defendant, PAULA MELENDEZ ABREU, is an adult individual and citizen of the State of New York, residing at 3130 Albany Crescent #2J, Bronx, NY 10463.

10.     Defendant, MINAS TYRAS (a k a KONSTANTINOS TYRAS), is an adult individual and citizen of the State of New York, residing at 6197A Spencer Terrace, Bronx, NY 10471.

11.     Defendant, GEORGE TYRAS, is an adult individual and citizen of the State of New York, residing at 5436 Sylvan Avenue, 1st Floor, Bronx, NY 10471.

12.     Plaintiffs hereby name Defendants, JOHN DOE(S) 1-5, fictitious name(s), as individuals who have either been misidentified and/or omitted and whose negligence contributorily caused the injuries sustained by Plaintiffs. Plaintiffs pray leave of Court to reasonably amend this Complaint in accordance with 231 Pa. Code § 2005 and name the true identities of the John Doe(s) if and when their true identities and roles in the within matter are ascertained by Plaintiffs through continued investigation and discovery.

13.     Plaintiffs hereby name ABC CORP(S) 6-10, fictitious name(s), as individuals, partnerships, companies, corporations, property owners, property managers, and/or property security companies who have either been misidentified and/or omitted and whose negligence contributorily caused the injuries sustained by Plaintiffs. Plaintiffs pray leave of Court to reasonably amend this Complaint in accordance with 231 Pa. Code § 2005 and name the true

Doc ID: 61e449e38e87abe02624bfe3e93f7ad1e12eecba

identities of the ABC Corp(s) if and when their true identities and roles in the within matter are ascertained by Plaintiffs through continued investigation and discovery.

## FACTS

14.    Plaintiffs hereby incorporate the preceding paragraphs as if fully set forth herein.

15.    At all times relevant hereto, Defendants, KALAHARI MANAGEMENT CO., LLC; KALAHARI RESORTS PA, LLC; KALAHARI RESORTS, LLC, KALAHARI RESTAURANT, LLC, KALAHARI DEVELOPMENT, LLC, and/or ABC CORP(S) 6-10, jointly and/or severally, owned, operated, controlled, and doing business as "Kalahari Resorts & Conventions," located in Monroe County, Pennsylvania, with a principal place of business at 250 Kalahari Boulevard, Pocono Manor, Monroe County, PA 18349.

16.    At all times material hereto, Defendants, KALAHARI MANAGEMENT CO., LLC; KALAHARI RESORTS PA, LLC; KALAHARI RESORTS, LLC; KALAHARI RESTAURANT, LLC, KALAHARI DEVELOPMENT, LLC, and/or ABC CORP(S) 6-10, were business entities engaged in the service of alcoholic beverages in the County of Monroe, Commonwealth of Pennsylvania, at an establishment with an address of 250 Kalahari Boulevard, Pocono Manor, Monroe County, PA 18349.

17.    At all time material hereto, Defendants, KALAHARI MANAGEMENT CO., LLC; KALAHARI RESORTS PA, LLC; KALAHARI RESORTS, LLC; KALAHARI RESTAURANT, LLC, KALAHARI DEVELOPMENT, LLC, and/or ABC CORP(S) 6-10; jointly and/or severally, owned, operated, controlled, supervised, and/or managed the bars, pubs, taverns, and/or alcohol serving establishments, located at or within the Kalahari Resorts &

Doc ID: 61e449e38e87abe02624bfe3e93f7ad1e12eccba

Conventions with a principal place of business at 250 Kalahari Boulevard, Pocono Manor, Monroe County, PA 18349.

18.    At all times material hereto, KALAHARI MANAGEMENT CO., LLC; KALAHARI RESORTS PA, LLC; KALAHARI RESORTS, LLC; KALAHARI RESTAURANT, LLC, KALAHARI DEVELOPMENT, LLC, and/or ABC CORP(S) 6-10, collectively and/or individually, known and/or unknown, acted and/or failed to act either individually and/or by and through agents, employees, servants, and/or representatives who were then and there acting within the course and scope of their employment.

19.    On July 19, 2020, the Defendants, KALAHARI MANAGEMENT CO., LLC; KALAHARI RESORTS PA, LLC; KALAHARI RESORTS, LLC; KALAHARI RESTAURANT, LLC, KALAHARI DEVELOPMENT, LLC, owned, controlled, operated, maintained, and provided security services for the resort and waterpark known as Kalahari Resorts & Conventions (hereinafter also referred to as the "subject premises").

20.    In addition and/or in the alternative, on July 19, 2020, Defendants, ABC CORP(S) 6-10, owned, operated, maintained, and provided security services for the resort and waterpark known as Kalahari Resorts & Conventions.

21.    On July 19, 2020, Plaintiffs, LEONARD HEMMERLE and KRISTEN HEMMERLE, were business invitees and permitted lawful guests at the resort and waterpark known as Kalahari Resorts & Conventions.

22.    On July 19, 2020, Plaintiffs, LEONARD HEMMERLE and KRISTEN HEMMERLE, were lawfully on the premises of the property owned, operated, maintained, and secured by Defendants, KALAHARI MANAGEMENT CO., LLC; KALAHARI RESORTS PA,

Doc ID: 61e449e38e87abe02624bfe3e93f7ad1e12eccba

LLC; KALAHARI RESORTS, LLC; KALAHARI RESTAURANT, LLC; KALAHARI DEVELOPMENT, LLC, and/or ABC CORP(S) 6-10 (collectively referred to as the "KALAHARI DEFENDANTS") On the date as aforesaid, Plaintiffs were a business invitee lawfully staying in the hotel resort and utilizing the waterpark with their minor children.

23.     At all times relevant hereto, the KALAHARI DEFENDANTS held the resort and waterpark known as Kalahari Resorts & Conventions open to the public for paying customers to attend.

24.     At all times relevant hereto, the KALAHARI DEFENDANTS employed security personnel and/or otherwise represented, either expressly or by implication, to business invitees, including Plaintiffs, that the resort and waterpark were safe and secure for patrons.

25.     At all time material hereto, the agents, officers, servants, workers and/or employees of KALAHARI DEFENDANTS, were acting within the course and scope of their employment with said Defendants.

26.     At all times material hereto, the KALAHARI DEFENDANTS were engaged in the business of manufacturing, selling and/or serving alcoholic beverages to patrons.

27.     At all times relevant hereto, as a general rule, a person or entity cannot needlessly endanger the public by their conduct.

28.     At all times relevant hereto, as a general rule, a person or entity who needlessly endangers the public is responsible for the harms and losses created by their conduct.

29.     At all times relevant hereto, the KALAHARI DEFENDANTS and their employees, servants, and/or agents were not adequately trained by anyone or any entity in

Doc ID: 61e449e38e87abe02624ofe3e93f7ad1e12eccba

Pennsylvania law pertaining to the prohibition of serving "visibly intoxicated" patrons and persons.

30.     At all times relevant hereto, the KALAHARI DEFENDANTS and their employees, servants, and/or agents were not adequately trained by anyone or any entity in the Responsible Alcohol Management Program (hereinafter referred to as "RAMP") or any other similar type of training program.

31.     Programs similar to RAMP were created by the Pennsylvania Liquor Control Board to help licensees and their employees to serve alcohol responsibly. These types of programs offer practical advice for licensees operating restaurants, hotels, clubs, distributors, and even special occasion permit holders.

32.     At all times relevant hereto, the KALAHARI DEFENDANTS knew or should have known of the RAMP program and/or similar programs but failed to adequately implement the same with its employees.

33.     At all times relevant hereto, programs similar to RAMP explain amongst other things how to (1) detect signs of impairment and intoxication and effectively cut off service to a customer who has had too much to drink; and (2) help reduce alcohol related problems such as underage drinking, vehicle crashes, fights, etc., in the community.

34.     At all times relevant hereto, the KALAHARI DEFENDANTS knew or should have known of the information, training and certification of programs similar to the RAMP program offered to licensees such as the KALAHARI DEFENDANTS.

35.     In order to comply with the programs similar to RAMP, all parts of the program must be completed such as (1) Owner Manager Training; (2) Server/Seller Training; (3) New Employee Orientation; (4) Signage; and (5) Certification and Compliance Visit.

36.     At all times relevant hereto, the KALAHARI DEFENDANTS failed to be certified in any programs similar to RAMP and did not complete the required parts to be certified.

37.     The benefits to the licensees, such as KALAHARI DEFENDANTS herein, in completing programs similar to RAMP certification includes: (1) knowledgeable, responsible, well trained alcohol service staff and management; and (2) recognition as a responsible licensee in the community.

38.     At all times relevant hereto, the KALAHARI DEFENDANTS knew or should have known of the benefits of completing programs similar to the RAMP certification.

39.     At all times relevant hereto, the KALAHARI DEFENDANTS knew or should have known that Defendants, CHRISSA DIAKOPOULOS, PAULA MELENDEZ ABREU, MINAS TYRAS (a/k/a KONSTANTINOS TYRAS), GEORGE TYRAS, and/or JOHN DOE(S) 1-5 (hereinafter collectively "INDIVIDUAL DEFENDANTS"), posed a danger to the public and/or the lawful patrons of the resort and waterpark.

40.     At all times relevant hereto, the KALAHARI DEFENDANTS, as part of their duty in operating the business of the resort and waterpark, owed a duty to patrons, including Plaintiffs, to provide a safe environment, protect and/or warn business invitees from harm by third parties, such as INDIVIDUAL DEFENDANTS, and take reasonable care to discover that harmful acts of third parties, such as INDIVIDUAL DEFENDANTS, were being done or likely

to be done, give adequate warning to invitees to enable invitees to avoid the harm, and/or otherwise protect invitees from harm.

41.     On July 19, 2020, INDIVIDUAL DEFENDANTS, engaged Plaintiff, LEONARD HEMMERLE, in an unprovoked verbal altercation in the presence of employees, agents, servants, or other representatives of the KALAHARI DEFENDANTS, and Plaintiffs' minor children.

42.     On the date as aforesaid, INDIVIDUAL DEFENDANTS, without provocation, approached Plaintiffs in the presence of employees, agents, servants, or other representatives of the KALAHARI DEFENDANTS, and Plaintiff's minor children.

43.     On the date as aforesaid, INDIVIDUAL DEFENDANTS, without provocation, attacked Plaintiff, LEONARD HEMMERLE, striking him multiple times about his face and/or body in the presence of employees, agents, servants, or other representatives of the KALAHARI DEFENDANTS, and Plaintiffs' minor children.

44.     On the date as aforesaid, INDIVIDUAL DEFENDANTS, without provocation, attacked Plaintiff, KRISTEN HEMMERLE, striking her multiple times about her face and/or body in the presence of employees, agents, servants, or other representatives of the KALAHARI DEFENDANTS, and Plaintiffs' minor children.

45.     After striking Plaintiffs multiple times, INDIVIDUAL DEFENDANTS attempted to flee the assaults until finally being apprehended and detained by employees, agents, servants, security personnel, or other representatives of the KALAHARI DEFENDANTS.

46.     On the date aforesaid, but prior to the attack/assault described herein, INDIVIDUAL DEFENDANTS, upon information and belief, were for a period of time acting in

Doc ID: 61e449e38e87abe02624bfe3e93f7ad1e12eccba

an unruly and/or rowdy manner in the presence of employees, agents, servants, or other representatives of the KALAHARI DEFENDANTS.

47.     Despite the KALAHARI DEFENDANTS' knowledge of INDIVIDUAL DEFENDANTS' unruly and/or rowdy behavior prior to the assault/attack described herein, the KALAHARI DEFENDANTS took no measures to prevent, prohibit, or stop INDIVIDUAL DEFENDANTS from attacking Plaintiffs, and instead their sole and/or joint conduct led to the unprovoked attack.

48.     At all times material hereto, INDIVIDUAL DEFENDANTS, were patrons of resort and waterpark, including but not limited to the bar, pub, tavern, and/or alcohol serving establishment within, of KALAHARI DEFENDANTS, located at 250 Kalahari Boulevard, Pocono Manor, Monroe County, PA 18349, which is owned, operated, managed, and controlled by the KALAHARI DEFENDANTS during which time these INDIVIDUAL DEFENDANTS consumed large amounts of alcohol while visibly and noticeably intoxicated.

49.     Said KALAHARI DEFENDANTS, through their agents, servants, or employees, served alcoholic beverages to INDIVIDUAL DEFENDANTS while he/she/they were visibly intoxicated.

50.     Said KALAHARI DEFENDANTS allowed the INDIVIDUAL DEFENDANTS to continue to consume alcoholic beverages even after he/she/they were visibly intoxicated.

51.     Due to the consumption of alcohol by INDIVIDUAL DEFENDANTS, while patrons of the resort and waterpark, including but not limited to the bar, pub, tavern, and/or alcohol serving establishment within, of KALAHARI DEFENDANTS, the INDIVIDUAL

DEFENDANTS became visibly intoxicated and began to start physical altercations with other patrons in the facility of KALAHARI DEFENDANTS .

52.     At all times relevant hereto, the employees, servants and/or agents of the KALAHARI DEFENDANTS who were serving the INDIVIDUAL DEFENDANTS knew and/or should have known that he/she/they were visibly intoxicated.

53.     At no time relevant hereto, did the KALAHARI DEFENDANTS, by and through its employees, agents, and/or servants, restrict any alcoholic beverages from the visibly intoxicated INDIVIDUAL DEFENDANTS so that the INDIVIDUAL DEFENDANTS would not consume it.

54.     At all times relevant hereto, KALAHARI DEFENDANTS knew or should have known the following:

    a.     A server/licensee would be violating the law if an alcoholic beverage was served to a visibly intoxicated person.

    b.     Licensees (owners) and their employees can be held liable under the Pennsylvania Liquor Code for serving a visibly intoxicated person.

    c.     That licensees and their employees are expected to remember the incidents that occur in their establishments.

    d.     That in refusing to serve a visibly intoxicated person, they should offer safe transportation alternatives.

55.     On or about July 19, 2020, after being served and consuming large quantities of alcoholic beverages and while visibly and noticeably intoxicated, the INDIVIDUAL DEFENDANTS, while still on the premises of the resort, waterpark, and/or the bars, pubs, taverns, and/or alcohol establishments within the KALAHARI DEFENDANTS' premises

located at 250 Kalahari Boulevard, Pocono Manor, Monroe County, PA 18349, physically assaulted the Plaintiffs.

56.     At all times relevant hereto, INDIVIDUAL DEFENDANTS assaulted the Plaintiffs while intoxicated so as to be a hazard to the public in general and to the Plaintiffs in particular.

57.     At all times relevant hereto, the KALAHARI DEFENDANTS knew the following when the INDIVIDUAL DEFENDANTS were on their premises that night:

a.     INDIVIDUAL DEFENDANTS were visibly intoxicated;

b.     INDIVIDUAL DEFENDANTS were legally intoxicated;

c.     INDIVIDUAL DEFENDANTS became visibly intoxicated on the KALAHARI DEFENDANTS' premises on the day of the instant incident;

d.     INDIVIDUAL DEFENDANTS were stumbling, bumping into other persons, had a glazed look and were visibly intoxicated;

e.     INDIVIDUAL DEFENDANTS were a danger to the general public and the Plaintiffs.

58.     As a result of this violent incident, the Plaintiffs sustained severe and serious injuries as a result of all of the combined Defendants' conduct as set forth more particularly herein.

59.     As a direct and proximate result of the actions and/or omissions of Defendants herein, Plaintiffs have suffered serious, painful, and permanent injuries, as described at length herein; as well as difficulty sleeping; chronic pain; anxiety; emotional injury, and other injuries as may be diagnosed by Plaintiffs' health care providers, some or all of which Plaintiffs have been advised are or may be permanent.

60.     As a direct and proximate result of the actions and/or omissions of Defendants herein, Plaintiff, LEONARD HEMMERLE, has suffered severe disfigurement, which he may continue to suffer the same for an indefinite time in the future.

61.     As a direct and proximate result of the actions and/or omissions of Defendants herein, Plaintiffs have suffered pain, discomfort, frustration, embarrassment, scarring, loss of enjoyment of life's pleasure and an inability to attend to usual and daily activities, to their great detriment and loss.

62.     As a direct and proximate result of the actions and/or omissions of Defendants herein, Plaintiffs have sought medical treatment in and about an effort to cure themselves of their injuries and have incurred medical expenses to their great detriment and loss, and may continue to require same for an indefinite time into the future.

63.     As a direct and proximate result of the actions and/or omissions of Defendants herein, Plaintiffs have and continues to be limited regarding their usual duties and occupation and thereby suffered and suffers loss and depreciation of their earnings and earning power; they may continue to suffer the same for an indefinite period of time in the future, all to their great financial loss and detriment.

64.     The injuries and damages of Plaintiffs, LEONARD HEMMERLE and KRISTEN HEMMERLE, were caused solely and exclusively by reason of the negligence, carelessness, and/or recklessness of the KALAHARI DEFENDANTS and/or their employees, servants and/or agents, as well as the negligence, carelessness, recklessness, and/or intentional conduct of INDIVIDUAL DEFENDANTS, and was due in no part to any act or failure to act on the part of Plaintiffs.

## COUNT I
### *NEGLIGENCE*
### PLAINTIFFS, LEONARD HEMMERLE AND KRISTEN HEMMERLE
### V. THE KALAHARI DEFENDANTS

65.    Plaintiffs hereby incorporate the preceding paragraphs as if fully set forth herein.

66.    The negligence, carelessness, and/or recklessness of the KALAHARI DEFENDANTS, individually and/or jointly, were a proximate cause of the incident set forth above and the resulting injuries and damages to Plaintiff, and consisted, *inter alia*, of the following:

    a.    inciting, allowing, encouraging, and/or causing INDIVIDUAL DEFENDANTS, to act in a reckless, dangerous, violent, and hostile manner;

    b.    failing to provide Plaintiffs with a safe place to enjoy and patronize the resort and waterpark;

    c.    inciting, allowing, encouraging, and/or creating an atmosphere prompting INDIVIDUAL DEFENDANTS, to suddenly and without provocation, attack Plaintiffs;

    d.    inciting, allowing, encouraging, and/or creating an atmosphere prompting other individuals to incite and/or encourage INDIVIDUAL DEFENDANTS, to suddenly and without provocation, attack Plaintiffs

    e.    failing to encourage and/or take measures that would cause INDIVIDUAL DEFENDANTS, to leave the premises before violence and/or confrontation ensued;

    f.    failing to provide adequate and/or competent security and/or supervision to prevent or discourage this occurrence;

    g.    failing to properly and adequately supervise and establish plans, recommendations, specification, and/or requirements for safety and/or security at the subject premises;

Doc ID: 61e449e38e87abe02624bfe3e93f7ad1e12eccba

h.     failing to coordinate with other entities, contractors, and/or subcontractors to provide for the safety of business invitees, including Plaintiffs;

i.     failing to instruct, maintain, supervise, and/or establish rules and regulations for safety and security to business invitees;

j.     failing to properly hire competent agents, servants, workers, safety and security personnel, contractors, subcontractors, staff, and/or employees to insure that business invitees, such as plaintiff, were safe and free from harm on the subject premises;

k.     failing to warn Plaintiffs of the obvious, dangerous, and unsafe condition existing at the subject premises;

l.     failing to prevent, and/or lessen, the likelihood of injury to Plaintiffs while on the premises of the KALAHARI DEFENDANTS;

m.     failing to take adequate measures to defuse a developing situation that was likely to result in a violent confrontation;

n.     providing and/or creating an atmosphere that encouraged violent behavior;

o.     failing to adequately police the premises;

p.     creating a situation and/or environment wherein INDIVIDUAL DEFENDANTS, felt it necessary to use violent force;

q.     failing to keep the subject premises and business invitees orderly and reasonably well policed;

r.     failing to maintain order in the subject premises

s.     acting in a manner that was not in accord with the customary and safe protection of business invitees;

t.     negligent hiring of under-qualified bartenders, employees, workers, bouncers, contractors, servers, staff and/or other agents;

u.     hiring bartenders, employees, workers, bouncers, contractors, servers, staff and/or other agents without making appropriate inquiries into their psychological profiles, disposition and/or criminal records;

Doc ID: 61e449e38e87abe02624bfe3e93f7ad1e12eccba

v.      failing to supervise and/or appropriately discipline, demote and/or terminate employees, agents, servants and/or workmen when it became apparent, or should have became apparent, that they were not appropriately qualified for their job(s);

w.      inadequate or non-existent enforcement of policies relating to ejection of patrons from the premises;

x.      failing to have in place and/or to make its bartenders, employees, workers, bouncers, contractors, servers, staff and/or other agents aware of policies relating to proper ejection of problem patrons in the bar;

y.      failing to timely notify the police of a problem at the bar, thereby allowing a dangerous situation to escalate and result in injury to plaintiff;

z.      allowing drunk, intoxicated, disorderly and/or apparently violent persons, including INDIVIDUAL DEFENDANTS, to remain at or near the premises in an area where business invitees, such as Plaintiffs, would potentially be in close contact with them, increasing the risk of problems and/or injury to Plaintiffs and/or those similarly situated;

aa.      failing to keep the defendant's establishment orderly and reasonably policed;

bb.      failing to ensure that the Plaintiffs were reasonably and properly protected from assault, battery and/or negligent conduct of INDIVIDUAL DEFENDANTS;

cc.      failing to properly train bartenders, employees, workers, bouncers, contractors, servers, staff and/or other agents how to adequately identify and deal with intoxicated persons;

dd.      inadequate or non-existent enforcement of policies prohibiting the service of of beer, liquor and/or alcohol to visibly intoxicated persons;

ee.      failing to have in place and/or to make its bartenders, employees, workers, bouncers, contractors, servers, staff and/or other agents aware of policies

prohibiting the service of beer, liquor and/or other alcohol to visibly intoxicated persons;

ff.     failing to timely and/or adequately examine the premises for intoxicated individuals and take appropriate measures;

gg.     failing to have adequate security;

hh.     failing to implement, design, manufacture, install, and otherwise maintain appropriate security measures;

ii.     failing to employ, train, and/or supervise security personnel;

jj.     failing to employ, train, and/or supervise security personnel;

kk.     serving beer, liquor, alcohol and/or other similar types of impairing beverages to INDIVIDUAL DEFENDANTS, when they were visibly intoxicated;

ll.     allowing INDIVIDUAL DEFENDANTS to enter and/or remain on the premises when they were visibly intoxicated;

mm.     allowing INDIVIDUAL DEFENDANTS to enter and/or remain on the premises when Defendants knew or should have known of his propensity for violence;

nn.     actions and/or omissions which were in violation of 47 P.S. § 4-493 et seq. in serving INDIVIDUAL DEFENDANTS with beer, liquor, alcohol and/or similar types of impairing beverages resulting in civil liability for said conduct;

oo.     vicarious liability for the acts and/or omissions of its servants, employees, agents and/or ostensible agents in causing and/or contributing to the circumstances that led to the injuries of Plaintiff; and

pp.     acting negligently, carelessly, and/or recklessly under circumstances where knowledge of such is within the exclusive knowledge of the KALAHARI DEFENDANTS and that will be learned through discovery.

67      As a direct and proximate result of the negligence, carelessness, and/or recklessness of the KALAHARI DEFENDANTS, Plaintiff, LEONARD HEMMERLE, suffered

Doc ID: 61e449e38e87abe02624bfe3e93f7ad1e12eccba

severe and permanent injuries to his body, organs, nerves, muscles, ligaments, tendons, and/or other tissue, including but not limited to, a head injury (traumatic head injury or TBI), lip laceration, facial injuries, chest injuries, abdominal injuries, flank/back injuries, arm/leg injuries, contusions, abrasion, swelling, scarring, disfigurement, emotional distress, anxiety, and a great mental, physical, and emotional pain and suffering, all of which are and/or may become permanent in nature. Plaintiff also makes a claim for such injuries, damages, and consequences described by his medical providers and/or of which he has no present or educated knowledge.

68.     As a direct and proximate result of the negligence, carelessness, and/or recklessness of the KALAHARI DEFENDANTS, Plaintiff, KRISTEN HEMMERLE, suffered severe and permanent injuries to his body, organs, nerves, muscles, ligaments, tendons, and/or other tissue, including but not limited to, facial injuries, neck injuries, cervical, thoracic, and lumbar spine injuries, chest injuries, arm/leg injuries, contusions, abrasion, swelling, scarring, disfigurement, emotional distress, anxiety, and a great mental, physical, and emotional pain and suffering, all of which are and/or may become permanent in nature. Plaintiff also makes a claim for such injuries, damages, and consequences described by her medical providers and/or of which she has no present or educated knowledge.

69.     As a direct and proximate result of the negligence, carelessness, and/or recklessness of the KALAHARI DEFENDANTS, Plaintiff, LEONARD HEMMERLE, has suffered severe facial scarring and/or disfigurement to his great detriment and loss.

70.     As a direct and proximate result of the negligence, carelessness, and/or recklessness of the KALAHARI DEFENDANTS, Plaintiffs suffered, suffers, and/or will

continue to suffer from physical and mental discomfort, anguish, humiliation, distress, fear, pain, suffering, and inconvenience.

71. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the KALAHARI DEFENDANTS, Plaintiffs have been deprived, are deprived, and/or may continue to be deprived of the ordinary pleasures of life.

72. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the KALAHARI DEFENDANTS, Plaintiffs have been compelled and/or are compelled and/or may continue to be compelled to expend monies for medical treatment, medical aids, medications, and/or similar medical and/or medically related instrumentalities and/or modalities.

73. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the KALAHARI DEFENDANTS, Plaintiffs have suffered and/or continues to suffer and/or may in the future suffer wage loss, a loss of earnings and/or diminished and/or lessened earning power.

74. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the KALAHARI DEFENDANTS, Plaintiffs have been limited and/or prevented from attending to their customary and usual duties, occupations, civic, sport, and social activities, and the aforesaid injuries may continue to interfere with, and prevent them from, attending to these customary and usual duties, occupations, civic, sport, and social activities in the future to their great detriment and loss.

75. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the KALAHARI DEFENDANTS, Plaintiffs have suffered and will in the future

continue to suffer serious physical pain and suffering, serious mental and/or emotional pain and suffering, mental anguish, fear for their safety, emotional upset, and the loss of life's pleasures.

**WHEREFORE,** Plaintiffs, LEONARD HEMMERLE and KRISTEN HEMMERLE, demand judgment in their favor and against the KALAHARI DEFENDANTS, jointly and severally, for compensatory damages and punitive damages, as well as interest, costs, disbursements, attorney's fees, and other further relief as this Honorable court may deem just and proper.

## COUNT II
### *DRAM SHOP & GENERAL NEGLIGENCE IN SUPERVISION*
### PLAINTIFFS, LEONARD HEMMERLE AND KRISTEN HEMMERLE
### V. THE KALAHARI DEFENDANTS

76.     Plaintiffs hereby incorporate the preceding paragraphs as if fully set forth herein.

77.     The events set forth herein which resulted in the injuries and damages of the Plaintiffs, were caused solely and exclusively by reason of the negligence, carelessness, recklessness and other wrongful and liability-producing conduct of Defendants herein, individually, jointly and/or severally.

78.     KALAHARI DEFENDANTS were negligent in the operation of the bars, pubs, taverns, and or alcohol serving establishments, located at or within the Kalahari Resorts & Conventions, in that they negligently allowed an environment to exist where there was excessive alcohol consumption with inadequate security thus creating an environment conducive to assaults and other crimes of the type which were perpetrated on Plaintiffs.

79.     KALAHARI DEFENDANTS were negligent as each of them allowed aforementioned conditions to exist unabated for an extended period of time prior to Plaintiffs'

incident with multiple similar incidents occurring on or about Defendants' premises prior to Plaintiffs' incident.

80.    The aforesaid incident, and the resultant injuries and damages to all Plaintiffs were caused by the negligence of and in violation of the Pennsylvania Dram Shop Act by the KALAHARI DEFENDANTS, and their licensees, servants, agents, representatives and/or employees, jointly and severally, through their own actions and omissions and/or the actions and omissions of their licensees, servants, agents, representatives and/or employees in general and in the following specifics:

    a.    In recognizing that the INDIVIDUAL DEFENDANTS were visibly and noticeably intoxicated and continuing to serve, furnish, and/or sell him alcoholic beverages.

    b.    In recognizing that the INDIVIDUAL DEFENDANTS were visibly and noticeably intoxicated and failing to remove him from the premises;

    c.    In serving, furnishing or selling alcoholic beverages to the INDIVIDUAL DEFENDANTS when Defendants knew or should have known that the INDIVIDUAL DEFENDANTS were visibly and noticeably intoxicated;

    d.    In serving, furnishing and/or selling alcoholic beverages to the INDIVIDUAL DEFENDANTS when they knew or should have known that INDIVIDUAL DEFENDANTS would be starting a physical altercation with other patrons;

    e.    In failing to stop serving, furnishing or selling alcoholic beverages to INDIVIDUAL DEFENDANTS after they knew or should have known that INDIVIDUAL DEFENDANTS were visibly and noticeably intoxicated and incapable of controlling their own behavior safely.

    f.    In failing to provide proper training, teaching and/or instruction to their licensees, servants, agents, representatives and/or employees to recognize

the signs and symptoms associated with visible and noticeable intoxication and to not serve underage individuals;

g.  In failing to provide proper training, teaching, and/or instruction to their licensees, servants, agents, representatives and/or employees to recognize the signs and symptoms associated with visible and noticeable intoxication;

h.  In failing to provide proper training, teaching and/or instruction to their licensees, servants, agents, representatives and/or employees to prevent patrons who are visibly and noticeably intoxicated, such as the INDIVIDUAL DEFENDANTS from assaulting or violently interacting with other persons;

i.  In failing to teach, train and/or otherwise instruct their licensees, servants, agents, representatives and/or employees to offer alternative modes of transportation to patrons who are visibly and noticeably intoxicated and incapable of making safe decisions;

j.  In continuing to serve, furnish, or sell alcohol to the co-Defendants when they knew or in the exercise of reasonable diligence should have known that they displayed and exhibited signs and symptoms of visible intoxication, in violation of Pennsylvania law;

k.  In ignoring the pleas and complaints of co-employees, servants and agents which informed management at the Defendants' premises that the INDIVIDUAL DEFENDANTS were visibly intoxicated;

l.  In ignoring the pleas and complaints of the Defendants' patrons which informed management at the Defendants' premises that the INDIVIDUAL DEFENDANTS were visibly intoxicated;

m.  In serving INDIVIDUAL DEFENDANTS until they were unfit to interact with other members of the public;

n.  In failing to provide RAMP training or something similar to its employees, agents and/or servants;

o. In failing to provide RAMP training or something similar to its management team;

p. In needlessly endangering the public as well as the community;

q. In recognizing that INDIVIDUAL DEFENDANTS were visibly intoxicated and allowing them to continue to consume alcoholic beverages;

r. In portraying a reckless disregard for the safety of INDIVIDUAL DEFENDANTS, the community as a whole, and the Plaintiffs herein.

81. The incident of July 19, 2020 occurred as a direct and proximate cause of KALAHARI DEFENDANTS' combined negligence and their willful violation of the Pennsylvania Dram Shop Act.

82. The act of serving a patron while said patron is visibly intoxicated is willful and wanton conduct and a gross act of recklessness. Therefore, the KALAHARI DEFENDANTS should be subject to the imposition of punitive damages, which Plaintiffs claim against them.

83. The act of permitting a visibly and noticeably intoxicated person to assault another patron is willful and wanton conduct and a gross act of negligence. Therefore, the KALAHARI DEFENDANTS should be subject to the imposition of punitive damages, which Plaintiffs claims against them.

84. As a direct and proximate result of the conduct of the KALAHARI DEFENDANTS, all Plaintiffs suffered the injuries and damages previously set forth.

85. The lack of concern for the welfare of the INDIVIDUAL DEFENDANTS, the community, and more particularly the Plaintiff, is willful and wanton conduct and a gross act of recklessness and therefore the KALAHARI DEFENDANTS should be subject to imposition of punitive damages.

**WHEREFORE**, Plaintiffs, LEONARD HEMMERLE and KRISTEN HEMMERLE, demand judgment in their favor and against Defendants, jointly and severally, for compensatory damages and punitive damages, as well as interest, costs, disbursements, attorney's fees, and other further relief as this Honorable court may deem just and proper.

## COUNT III
### *NEGLIGENCE*
### PLAINTIFFS, LEONARD HEMMERLE AND KRISTEN HEMMERLE V. DEFENDANTS, CHRISSA DIAKOPOULOS, PAULA MELENDEZ ABREU, MINAS TYRAS (a/k/a KONSTANTINOS TYRAS), GEORGE TYRAS, and/or JOHN DOE(S) 1-5

86.     Plaintiffs hereby incorporate the preceding paragraphs as if fully set forth herein.

87.     The negligence, carelessness, recklessness, and/or intentional conduct of Defendants, CHRISSA DIAKOPOULOS, PAULA MELENDEZ ABREU, MINAS TYRAS (a/k/a KONSTANTINOS TYRAS), GEORGE TYRAS, and/or JOHN DOE(S) 1-5, were a proximate cause of the incident set forth above and the resulting injuries and damages to plaintiff, and consisted, *inter alia*, of the following:

    a.     acting in a reckless, dangerous, violent, and hostile manner;

    b.     acting in full disregard for the safety of others;

    c.     failing to leave the premises when a dangerous confrontation was anticipated and/or imminent;

    d.     using excessive and unnecessary force under the circumstances;

    e.     failing to provide Plaintiffs with a safe place to enjoy the resort and waterpark;

    f.     creating an atmosphere that was a nuisance to others, the community, and plaintiff;

    g.     creating a situation and/or environment wherein Plaintiffs were physically harmed;

Doc ID: 61e449e38e87abe02624bfe3e93f7ad1e12eacba

h.     acting in a manner that was not in accordance with the customary and safe protection of other business invitees;

i.     acting in a manner that was in violation of the Pennsylvania Criminal Code;

j.     acting in a manner that was in violation of the statutes, laws, regulations, codes, ordinances, and/or statutes of the federal government, Commonwealth of Pennsylvania, Monroe County, and/or Township of Poconno Manor as it pertained to physically harming others; and

k.     acting negligently, carelessly, recklessly, and/or intentionally under the circumstances where knowledge of such is within the exclusive knowledge of Defendant and that will be learned through discovery.

88.     As a result of the incident herein, Defendants, CHRISSA DIAKOPOULOS, PAULA MELENDEZ ABREU, and MINAS TYRAS (a/k/a KONSTANTINOS TYRAS), were charged with (1) Harassment - Subject Other to Physical Contact under 18 Pa.C.S.A. § 2709 and (2) Disorderly Conduct Engage in Fighting under 18 Pa.C.S.A. § 5503.

89.     Defendants, CHRISSA DIAKOPOULOS, PAULA MELENDEZ ABREU, and MINAS TYRAS (a/k/a KONSTANTINOS TYRAS), each entered guilty pleas to both charges.

90.     As a result of the incident herein, Defendant, GEORGE TYRAS, charged with (1) Simple Assault under 18 Pa.C.S.A. 2701, (2) Harassment - Subject Other to Physical Contact under 18 Pa.C.S.A. § 2709; and (3) Disorderly Conduct Engage in Fighting under 18 Pa.C.S.A. § 5503.

91.     Defendant, GEORGE TYRAS, entered a guilty plea to Disorderly Conduct Engage in Fighting under 18 Pa.C.S.A. § 5503.

92.     As a direct and proximate result of the negligence, carelessness, recklessness, and/or intentional conduct of INDIVIDUAL DEFENDANTS, Plaintiff, LEONARD

HEMMERLE, suffered severe and permanent injuries to his body, as aforementioned, as well as scarring, disfigurement, emotional distress, anxiety, and a great mental, physical, and emotional pain and suffering, all of which are and or may become permanent in nature. Plaintiff also makes a claim for such injuries, damages, and consequences described by his medical providers and/or of which he has no present or educated knowledge. Plaintiff also makes a claim for such injuries, damages, and consequences described by her medical providers and/or of which she has no present or educated knowledge.

93.     As a direct and proximate result of the negligence, carelessness, recklessness, and/or intentional conduct of INDIVIDUAL DEFENDANTS, Plaintiff, KRISTEN HEMMERLE, suffered severe and permanent injuries to her body, as aforementioned, as well as scarring, disfigurement, emotional distress, anxiety, and a great mental, physical, and emotional pain and suffering, all of which are and or may become permanent in nature. Plaintiff also makes a claim for such injuries, damages, and consequences described by her medical providers and/or of which she has no present or educated knowledge. Plaintiff also makes a claim for such injuries, damages, and consequences described by her medical providers and/or of which she has no present or educated knowledge.

94.     As a direct and proximate result of the negligence, carelessness, recklessness, and/or intentional conduct of INDIVIDUAL DEFENDANTS, Plaintiffs suffered, suffers, and or will continue to suffer from physical and mental discomfort, anguish, humiliation, distress, fear, pain, suffering, and inconvenience.

95.     As a direct and proximate result of the negligence, carelessness, recklessness, and/or intentional conduct of INDIVIDUAL DEFENDANTS, Plaintiffs have been deprived, are deprived, and/or may continue to be deprived of the ordinary pleasures of life.

96.     As a direct and proximate result of the negligence, carelessness, recklessness, and/or intentional conduct of INDIVIDUAL DEFENDANTS, Plaintiffs have been compelled and/or are compelled and/or may continue to be compelled to expend monies for medical treatment, medical aids, medications, and/or similar medical and/or medically related instrumentalities and/or modalities.

97.     As a direct and proximate result of the negligence, carelessness, recklessness, and/or intentional conduct of INDIVIDUAL DEFENDANTS, Plaintiffs have suffered and/or continues to suffer and/or may in the future suffer wage loss, a loss of earnings and/or diminished and/or lessened earning power.

98.     As a direct and proximate result of the negligence, carelessness, recklessness, and/or intentional conduct of INDIVIDUAL DEFENDANTS, Plaintiffs have been limited and/or prevented from attending to her customary and usual duties, occupations, civic, sport, and social activities, and the aforesaid injuries may continue to interfere with, and prevent them from, attending to these customary and usual duties, occupations, civic, sport, and social activities in the future to them great detriment and loss.

99.     As a direct and proximate result of the negligence, carelessness, recklessness, and/or intentional conduct of INDIVIDUAL DEFENDANTS, Plaintiffs have suffered and will in the future continue to suffer serious physical pain and suffering, serious mental and/or emotional

pain and suffering, mental anguish, fear for her safety, emotional upset, and the loss of life's pleasures.

**WHEREFORE**, Plaintiffs, LEONARD HEMMERLE and KRISTEN HEMMERLE, demand judgment in their favor and against Defendants, jointly and severally, for compensatory damages and punitive damages, as well as interest, costs, disbursements, and other further relief as this Honorable court may deem just and proper.

### COUNT IV
### *WILLFUL MISCONDUCT*
### ALL PLAINTIFFS V. ALL DEFENDANTS

100.    Plaintiffs hereby incorporate the preceding paragraphs as if fully set forth herein.

101.    The actions and conduct of the Defendants in this matter, as described herein, occurred in a manner exemplifying malicious, intentional, intentional disregard, wanton, outrageous, willful, and/or reckless behavior, and said conduct and actions occurred willfully and/or in a manner or effort to knowingly cause serious harm to Plaintiffs.

102.    By reason of the joint and several, malicious, intentional, wanton, willful, outrageous, and reckless conduct of the Defendant, and total disregard of and deliberate callous and reckless indifference to the rights, welfare, and safety of Plaintiffs, as aforesaid, Plaintiffs sustained severe, permanent, and debilitating injuries as set forth herein above.

**WHEREFORE**, Plaintiffs, LEONARD HEMMERLE and KRISTEN HEMMERLE, demand judgment in their favor and against Defendants, jointly and severally, for compensatory damages and punitive damages, as well as interest, costs, disbursements, attorney's fees, and other further relief as this Honorable court may deem just and proper.

Respectfully submitted,

**GREEN & SCHAFLE, LLC**

Date:  June ____, 2022              By: _____
                                       ADAM M. GREEN, ESQUIRE
                                       STEPHEN M. SPECHT, ESQUIRE
                                       2332 South Broad Street
                                       Philadelphia, PA 19145
                                       Phone:  (215) 462-3330
                                       Fax No. (215) 567-1941
                                       Email: agreen@greenlegalteam.com
                                              sspecht@greenlegalteam.com

## VERIFICATION

Plaintiffs, LEONARD HEMMERLE and KRISTEN HEMMERLE, hereby state that they are the Plaintiffs in this action and verify that the statements contained in the foregoing COMPLAINT are true and correct to the best of their knowledge, information and belief. The language of the COMPLAINT is that of our counsel and we have relied upon them in making this verification. The undersigned understand that the statements contained therein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

LEONARD HEMMERLE

KRISTEN HEMMERLE

Doc ID: 61e449e38e87abe02624bfe3e93f7ad1e12eccba

**GREEN & SCHAFLE LLC**
By:     ADAM M. GREEN, ESQUIRE
          STEPHEN SPECHT, ESQUIRE
Identification Nos. 93060/326298
2332 South Broad Street
Philadelphia, Pennsylvania 19145
(215) 462-3330 telephone
(215) 567-1941 facsimile
Email: agreen@greenlegalteam.com                                      *Attorneys for Plaintiff*
         sspecht@greenlegalteam.com

---

LEONARD   HEMMERLE   and   KRISTEN
HEMMERLE, Individually and as Husband and Wife,
707 Bayside Court
South Amboy, NJ 08879,
                                          Plaintiffs,                        **COURT OF COMMON PLEAS**
          vs.                                                               **MONROE COUNTY**
KALAHARI MANAGEMENT CO., LLC
¾ Incorp Services, Inc. Dauphin                                                      TERM, 2022
          and
KALAHARI RESORTS PA, LLC (a/k/a, f/k/a, and/or            NO.
d/b/a KALAHARI RESORTS & CONVENTIONS)
¾ Incorp Services, Inc. Dauphin
          and
KALAHARI RESORTS, LLC (a/k/a, f/k/a, and/or d/b/a
KALAHARI RESORTS & CONVENTIONS)
¾ Incorp Services, Inc. Dauphin
          and
KALAHARI RESTAURANT, LLC
¾ United States Corporation Agents, Inc. Lehigh
          and
KALAHARI DEVELOPMENT, LLC
1305 Kalahari Drive
Wisconsin Dells, WI 53965
          and
CHRISSA DIAKOPOULOS
41-1/2 Lafayette Avenue
Middletown, NY 10940
          and
PAULA MELENDEZ ABREU
3130 Albany Crescent #2J
Bronx, NY 10463
          and
MINAS TYRAS (a/k/a KONSTANTINOS TYRAS)
6197A Spencer Terrace
Bronx, NY 10471                                                    **JURY TRIAL DEMANDED**
          and
GEORGE TYRAS
5436 Sylvan Avenue, 1st Floor
Bronx, NY 10471
          and
JOHN DOE(S) 1-5, a fictitious individual(s)
          and
ABC CORP(S). 6-10, a fictitious corporation(s)
                                          Defendants.

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**MONROE COUNTY BAR ASSOCIATION**
**FIND A LAWYER PROGRAM**
**913 MAIN STREET**
**STROUDSBURG, PENNSYLVANIA 18360**
**Telephone (570) 424-1340**
**Fax (570) 424-8234**
